FILED

SEP 0 9 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CLYDE REGINALD ELLIS,
CDCR #AB-8145,

                   Plaintiff,

      vs.

OFFICER BRADY, et al.

                Defendants.

Case No.: 3:16-cv-1419-WQH-NLS

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**

**2) DISMISSING SAN DIEGO SHERIFF'S OFFICE PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A(b)(1)**

**AND**

**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**

CLYDE REGINALD ELLIS ("Plaintiff"), is proceeding pro se and is currently incarcerated at Centinela State Prison ("CEN") in Imperial, California. He has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

1

## Background

Plaintiff claims San Diego Sheriff's Department Officer Brady, the "San Diego Sheriff's Office," and several unidentified Doe Defendants, used unreasonable force against him in June 2015 at George Bailey Detention Facility ("GBDF") in San Diego, California. Plaintiff claims Defendant Brady "slammed [him] unto a wall and then onto the ground" "without reason or provocation." (Doc. No. 1 at 2.) Thereafter, Plaintiff contends several unidentified San Diego Sheriff's Department Deputies (John Does 3-7) "jumped on [him]," further injured him, and caused a fracture and swelling to his thumb. (*Id.* at 4.) Plaintiff claims he "remains disfigured as a result of the assault," and he seeks "statutory, compensatory, general, special" and "exemplary" damages according to proof. (*Id.* at 4, 12.)

## Discussion

**A.   IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1      Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

2 "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

3 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

4 § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

5 trust account statement, the Court assesses an initial payment of 20% of (a) the average

6 monthly deposits in the account for the past six months, or (b) the average monthly balance

7 in the account for the past six months, whichever is greater, unless the prisoner has no

8 assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody

9 of the prisoner then collects subsequent payments, assessed at 20% of the preceding

10 month's income, in any month in which his account exceeds $10, and forwards those

11 payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*,

12 136 S. Ct. at 629.

13      In support of his IFP Motion, Plaintiff has submitted copies of his Inmate Statement

14 Report and a prison certificate authorized by a CEN official attesting to his trust account

15 activity. *See* Doc. No. 2 at 4-5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*,

16 398 F.3d at 1119. These statements show Plaintiff has had no monthly deposits to his

17 account, has carried no balance over the six month period preceding the filing of his

18 Complaint, and that his current available balance is zero (Doc. No. 2 at 4, 6). *See* 28 U.S.C.

19 § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a

20 civil action or appealing a civil action or criminal judgment for the reason that the prisoner

21 has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S.

22 Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-

23 valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . .

24 due to the lack of funds available to him when payment is ordered.").

25      Therefore, the Court grants Plaintiff's Motion to Proceed IFP, declines to "exact"

26 any initial filing fee because his trust account statement shows he "has no means to pay it,"

27 *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of

28 Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing

1   fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to

2   the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

3   **B.    Legal Standards for Screening Complaint Pursuant to 28 U.S.C.**

4   **§§ 1915(e)(2)(B) and 1915A(b)**

5       Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-

6   answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes,

7   the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which

8   is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

9   immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing

10  28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)

11  (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the

12  targets of frivolous or malicious suits need not bear the expense of responding.'"

13  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

14  *Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

15      "The standard for determining whether a plaintiff has failed to state a claim upon

16  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

17  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

18  1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

19  2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

20  applied in the context of failure to state a claim under Federal Rule of Civil Procedure

21  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

22  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

23  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

24      Detailed factual allegations are not required, but "[t]hreadbare recitals of the

25  elements of a cause of action, supported by mere conclusory statements, do not suffice."

26  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief

27  [is] ... a context-specific task that requires the reviewing court to draw on its judicial

28  experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

4

1    the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility

2    standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

3    **C.    42 U.S.C. § 1983**

4         "Section 1983 creates a private right of action against individuals who, acting under

5    color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

6    263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

7    rights, but merely provides a method for vindicating federal rights elsewhere conferred."

8    *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations

9    omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right

10   secured by the Constitution and laws of the United States, and (2) that the deprivation was

11   committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698

12   F.3d 1128, 1138 (9th Cir. 2012).

13   **B.    Improper Defendant**

14        As an initial matter, the Court finds that to the extent Plaintiff includes the "San

15   Diego Sheriff's Office" as a Defendant in the caption of his Complaint, his claims must be

16   dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing

17   to state a claim upon which § 1983 relief can be granted. *Lopez*, 203 F.3d at 1126-27;

18   *Rhodes*, 621 F.3d at 1004. A local law enforcement department (like the San Diego County

19   Sheriff's Department) is not a proper defendant under § 1983. *See Vance v. County of*

20   *Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as

21   a defendant is not an appropriate means of pleading a § 1983 action against a

22   municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D.

23   Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's

24   constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

25   **C.    Excessive Force Claims**

26        The Court finds Plaintiff's excessive force allegations against Officer Brady and

27   John Does 3-7, however, are sufficiently pleaded to survive the sua sponte screening

28   required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). While it is not clear whether Plaintiff

was a pretrial detainee or a convicted prisoner at the time he claims Brady and John Does 3-7 "without provocation, reason, or justification … slammed [him] up against a cement wall and then onto the ground," (Doc. No. 1 at 4), Plaintiff's Complaint contains factual allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678; *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely … objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

## Conclusion

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

///

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.   **DISMISSES** Defendant San Diego Sheriff's Office sua sponte based on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1);

5.   **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.[2] In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6.   **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

---

[2] Plaintiff must, of course, identify the Defendants he lists only as "John Does 1-7," by their true names and substitute those individual persons in place of each unnamed Doe by amending his Complaint to identify each of those parties before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). It is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against Does 1-7 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover his identity, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

7.    **ORDERS** the served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

8.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: 9/8/16

HON. WILLIAM Q. HAYES
United States District Judge