UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE REGINALD ELLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER BRADY; SAN DIEGO SHERIFF'S OFFICE, DOES 1-7,<br><br>Defendants. | Case No.: 16cv1419 WQH (NLS)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT DERRICK BRADY** |

Plaintiff Clyde Reginald Ellis, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action alleging various claims stemming from an altercation with Defendant on June 7, 2015. In his first claim under 42 U.S.C. § 1983, Plaintiff alleges that Defendant used excessive force in violation of the Fourth Amendment. ECF No. 1 ¶¶23-35.[1] Plaintiff was in custody at the time of the altercation, so the Fourth Amendment would not apply. See Graham v. Connor, 490 U.S. 386, 388 (1989) (explaining that the Fourth Amendment applies to claims that excessive force was used in the course of an investigatory stop, an arrest, or any other "seizure" of the individual).

---

[1] The remaining four claims that pertain to Defendant Derrick Brady arise under California state law.

This alone does not warrant dismissal of the claim, because courts are directed to construe *pro se* pleadings liberally. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) (in the Ninth Circuit, it has long been established that "'where the petitioner is *pro se,* particularly in civil rights cases, [courts should] construe the pleadings liberally and ... afford the petitioner the benefit of any doubt'"). However, as the Court explained in its initial screening order, it is not clear from Plaintiff's complaint "whether Plaintiff was a pretrial detainee or a convicted prisoner at the time" of the alleged incident. ECF No. 3 at 5-6.

On August 14, 2017, Defendant Brady filed a motion for summary judgment. ECF No. 19. In this motion, Defendant never clarifies whether Plaintiff was a pretrial detainee or a convicted prisoner. If Plaintiff was a pretrial detainee, his claim would be analyzed under the Fourteenth Amendment's Due Process Clause. Kingsley v. Hendrickson, __ U.S. __, 135 S.Ct 2466, 2473 (2015) (quoting Graham, 490 U.S. at 395 n.10) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"). Post-conviction, his claim would be considered under the Eighth Amendment's cruel and unusual punishment standard. See Hudson v. McMill, 503 U.S. 1, 6-7 (1992). Instead of confirming Plaintiff's status through discovery and presenting arguments under the appropriate Constitutional amendment, Defendant sets forth all three legal standards and alternatively argues for summary judgment under the Fourth Amendment, which does not apply, and the Eighth Amendment, which may or may not apply.

In his recently filed opposition, Plaintiff states that before the incident, "Plaintiff was sentenced by the court in his case to serve time in state prison." ECF No. 32 at 11. This suggests that Plaintiff was a convicted prisoner, but there is no other evidence before this Court confirming that fact.

It is not this Court's burden to make Defendant's argument for him. Defendant's summary judgment motion failed to identify the critical fact of Plaintiff's detainment status. It appears Plaintiff now has provided that fact. However, before the Court can

address whether Defendant Brady is entitled to qualified immunity and whether summary judgment is appropriate, Defendant must present argument under the appropriate Constitutional Amendment. Defendant, therefore, is ordered to provide supplemental briefing on or before **November 1, 2017.** Plaintiff may file a supplemental opposition by **November 15, 2017** and Defendant's reply, if any, is due by **November 22, 2017.** The Court then will take the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: October 17, 2017

Hon. Nita L. Stormes
United States Magistrate Judge